UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23597-CIV-HOEVELER

JULIO ROLANDO LEMUS, Plaintiff,
and all others similarly situated
under 29 U.S.C. § 216(b),

      Plaintiffs,

v.

OMAR & MANUEL, CORP., d/b/a
PRESIDENTE SUPERMARKET #3,
and PEDRO OMAR RODRIGUEZ,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, IN PART, AND DENYING PLAINTIFFS' MOTION TO STRIKE

THIS CAUSE is before the Court on Plaintiff's Motion for Summary Judgment and Plaintiff's Motion to Strike. This case was filed in December 2009, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.[1] Plaintiff Julio Rolando Lemus alleges that he worked as a "stocking clerk" for an average of 72 hours weekly and was paid $16.25 - $22.50 per hour. Defendant has denied the allegations of wrongdoing, and claims that Plaintiff was a "Store Manager" employed through a management services company, and was paid a salary.

Plaintiff seeks summary judgment as to three aspects of this case: that Defendant Pedro Omar Rodriguez is an employer, that the executive exemption to

---

[1] No other "similarly situated" individuals have joined this action, and this case remains an individual action under the FLSA.

overtime compensation laws does not apply, and that the administrative exemption to overtime compensation laws does not apply. As to each of these issues, Plaintiff bears the burden of establishing that no genuine issues of fact remain to be tried. When considering a motion for summary judgment, the Court must view evidence in the light most favorable to the non-moving party and doubts are resolved in favor of the non-movant.

Pedro Omar Rodriguez as "employer"

Defendant Rodriguez has denied that he was the employer of Plaintiff. See Answer and Affirmative Defenses. According to the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee ...." 29 U.S.C. § 203(d). The Court reviews several factors to determine whether an individual is an "employer" including whether that individual had the authority to hire and fire the employee, whether the individual determined the rate and method of payment, or supervised and controlled the employee's work schedule, etc. A corporate officer for an employing organization is personally liable as an employer under the FLSA if the officer is "involved in the day-to-day operation" or has "some direct responsibility for the supervision of the employee." Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160-61 (11th Cir. 2008) (quoting Patel v. Wargo, 803 F.2d 632 (11th Cir. 1986)).

During his deposition, Defendant Rodriguez stated that he:

2

- hired Plaintiff/gave Plaintiff a job[2]
- "put [Plaintiff] as a manager of a store]"
- paid Plaintiff directly "in cash" at the beginning of his employment in 2009
- authorized the amount of pay for Plaintiff
- would tell Plaintiff that the store was dirty and then Plaintiff would tell others that the store was dirty,
- had the authority to fire managers
- oversaw all of his stores
- is "the one that operates the stores"
- he fired Plaintiff

Deposition-Rodriguez, pp. 5, 10, 11, 14-17, 21-22, 26-27, 29-30. Defendant also testified that Plaintiff would would arrive and leave at "whatever time he felt like" but somewhat contradicted this testimony by stating that Plaintiff worked from 7:00 to 4:00 or 5:00 during six days a week, and would ask for permission to leave Deposition - Rodriguez, pp. 23-24.

The Court has determined that, even when viewjng the evidence in the light most favorable to Defendant, there is no issue of material fact as to Defendant Rodriguez's liability as an employer. The evidence is undisputed that Defendant Rodriguez hired and fired Plaintiff, that he determined the amount of payment (and paid Plaintiff directly in cash at the beginning of Plaintiff's employment in 2009), and Defendant admitted that he "operates the stores." The Court finds that summary judgment in favor of Plaintiff is appropriate as to the issue of Rodriguez's status as employer.

---

[2]Defendant testified that he did not have the authority to hire or fire employees at his store, Deposition-Rodriguez, p. 29, but that testimony is contradicted directly by other statements made by Defendant.

3

Exemptions (administrative, executive)

According to the Fair Labor Standards Act, certain employees are exempt from overtime wage requirements, including "any employee employed in a bona fide executive, administrative, or professional capacity ...." 29 U.S.C. § 213(a)(1). Specific guidance is found in the Federal Regulations, e.g., 29 C.F.R. 541.200 (a). The regulations require that, to be found exempt on the basis of the executive or administrative nature of a position, the employee must be paid on a salary basis of not less than $455 per week. It is undisputed that Plaintiff received $900 per week at the end of his employment with Defendants, but it is disputed whether that was the result of his being paid $22.50 per hour for 40 hours, or whether that was paid as a salary. (Pay records indicate that the rate of pay was $22.50, but Defendant denies that Plaintiff was working 40 hours weekly and earning $22.50 per hour.[3])

Material facts as to the nature of Plaintiff's duties also are in dispute. As the testimony of Plaintiff as to material issues of fact has been contradicted directly by the testimony of Defendant Rodriguez, the Court is unable to find that summary judgment is warranted. Thus, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment is GRANTED, IN PART, consistent with the above discussion. The Court finds that Defendant Rodriguez is an employer of Plaintiff for purposes of the FLSA; also, the Court is unable to determine at this time whether the executive or administrative exemption apply to Plaintiff's claim for overtime wages.

---

[3] Defendant also testified that Plaintiff was "always paid per hour." Deposition-Rodriguez, pp. 7-8.

4

Plaintiff also seeks to strike three witnesses (Juan Avilas, Elmer Salazar, and Roger Jaime - the brother of employee Marlene Gonzalez) whom allegedly worked under Plaintiff's supervision at the supermarket. Defendants failed to disclose such witnesses during initial disclosures, and finally disclosed such witnesses on the last day of the discovery period, February 7, 2011 (more than one year after Defendants were served with notice of this lawsuit). Defendants claim that these three witnesses are impeachment witnesses, that Defendants would not have objected to an extension of the discovery period for the purpose of depositions being scheduled as to these witnesses[4], and that Plaintiff is not prejudiced by these disclosures.[5]

As the disclosure of these three witnesses was four months prior to trial, the Court does not find that Plaintiff is prejudiced by permitting these witnesses to testify in this case. Defense counsel is cautioned, however, that further violations of the Federal Rules will be met with sanctions. In light of the Court's decision, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion to Strike is DENIED.

DONE AND ORDERED in Chambers in Miami this 7th day of June 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
   Daniel T. Feld
   Carmen Maria Rodriguez

---

[4]Plaintiff did not request additional time for depositions of these witnesses.

[5]As to witness Roger Jaime, Defendant Rodriguez testified at his deposition on January 18 that Plaintiff did fire an employee of the supermarket who was the brother of Marlene Gonzalez, see Deposition - Rodriguez, p. 33.

5